IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| W&Z, LLC,<br><br>    **Plaintiff,**<br><br>    v.<br><br>ALLIANCE PANCAKE<br>PARTNERS, LLC,<br><br>    **Defendant.** | Case No. 6:20-cv-03180-DCC |

**REPLY IN SUPPORT OF DEFENDANT**
**ALLIANCE PANCAKE PARTNERS, LLC'S MOTION TO DISMISS**

Defendant Alliance Pancake Partners, LLC ("Alliance") submits this reply in support of its motion to dismiss. As outlined below, Plaintiff concedes in its opposition to Alliance's motion [Dkt. 12] (the "Opposition") that the Complaint fails to properly allege that the Court has subject matter jurisdiction and that Plaintiff lacks sufficient information to make such an allegation. For that reason alone, this action should be dismissed pursuant to Rule 12(b)(1). But even if Plaintiff had alleged (or could allege) diversity of citizenship, the Complaint fails to state a claim because it seeks to recover for breach of a lease agreement to which Alliance is not a party and, what is more, seeks relief (accelerated future rent) not provided for in the agreement.

**ARGUMENT**

I.      **THE COMPLAINT FAILS TO ESTABLISH THE COURT'S SUBJECT MATTER JURISDICTION.**

Plaintiff admits that it failed to plead the parties' citizenship and thus failed to show that the Court has subject matter jurisdiction over this state-law action. Opp. at 2. Indeed, Plaintiff admits that it cannot plead facts to make that showing:

1

- "With regard to Defendant's citizenship, it is true that the Complaint does not specifically allege the jurisdictions of which Defendant is deemed a citizen." *Id*. at 2.

- "Plaintiff doesn't know with any certainty what Defendant's citizenship status is . . . ." *Id*.

Those admissions end the Court's inquiry here. *See SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 689 (E.D. Va. 2011) (granting defendant's motion to dismiss for failure to adequately plead diversity citizenship where plaintiff's alleged diversity jurisdiction "admittedly . . . without any concrete knowledge as to the actual citizenship of the LLC"); *see also Park Lane-Reno Partners, LLC v. SYUFY Enters.*, No. 3:20-CV-596, 2020 WL 6445092, at *2 (D. Nev. Nov. 3, 2020) (finding party failed to meet its burden to show diversity of citizenship where it "conced[ed] that it cannot determine the citizenship of individual members necessary to show complete diversity"); *Buggs v. Delta Airlines, Inc.*, No. 3:06-CV-1217, 2006 WL 2041362, at *3 (N.D. Tex. July 21, 2006) (explaining that "[i]t is not incumbent upon the court to guess or speculate as to the basis for its jurisdiction," and holding that because plaintiff failed to meet its burden to establish complete diversity of citizenship, dismissal was "mandate[d]").

To avoid this inevitable result, Plaintiff attempts to shift the burden of showing diversity of citizenship onto Alliance—first, by combatively suggesting that Alliance is actively hiding the citizenship of its members, Opp. at 3 (arguing that Alliance has a "plan" to conceal the identity of its members, is "playing a game of 'catch-me-if-you-can'" and has engaged in "deliberate obfuscation of its corporate ownership"); and second, by asking for jurisdictional discovery. Neither attempt at burden shifting is appropriate as both ignore Plaintiff's obligations in responding to a *facial* attack on the allegations of jurisdiction.

When seeking dismissal of a claim for lack of subject matter jurisdiction under Rule 12(b)(1), a defendant can launch a *facial* or a *factual* attack on Plaintiff's allegations. *Durden v.*

2

*United States*, 736 F.3d 296, 300 (4th Cir. 2013); *Bolt v. United States*, No. 8:15-cv-1936, 2015 WL 7568241, at *1 (D.S.C. Oct. 16, 2015). A facial attack, which Alliance makes in its motion, questions the sufficiency of a complaint. *See Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009); *see also Bolt*, 2015 WL 7568241, at *1 (when considering a facial attack, the court must accept plaintiff's allegations as true and "materials outside of the pleadings are not considered" (internal citation omitted)). On a facial attack, a defendant has no burden whatsoever as the motion turns entirely on whether the plaintiff's complaint sufficiently alleges jurisdiction. *E.g.*, *Durden*, 736 F.3d at 300. Here, as Plaintiff concedes, the Complaint does not.

Moreover, Plaintiff cannot salvage its fatal pleading defect by seeking discovery because, again, the inquiry on a facial attack is limited to the complaint itself. *See id.* It is only when a defendant makes a factual attack disputing the veracity of jurisdictional allegations in the complaint (which is not the case here) that jurisdictional discovery could be appropriate. *See SunTrust*, 766 F. Supp. 2d at 689 (finding jurisdictional discovery inappropriate where motion to dismiss challenges the sufficiency, rather than the veracity, of the complaint's allegations); *see also Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (explaining that jurisdictional facts outside the complaint may be considered on a *factual* attack); *Bolt*, 2015 WL 7568241, at *1.[1] In *SunTrust*, for example, the plaintiff sought limited jurisdictional discovery

---

[1] Plaintiff cites one California district court order permitting jurisdictional discovery on a facial attack: *Tschakert v. Hart Energy Pub., LLLP*, No. 10CV2598-L WMC, 2011 WL 3568117, at *3 (S.D. Cal. Aug. 15, 2011). That court did so because it expressly "disagree[d]" with courts holding that jurisdictional discovery is limited to factual attacks. The Fourth Circuit, however, has made clear that such a limitation exists, and Plaintiff's reliance on out-of-circuit authority to the contrary is of no moment. *See Cunningham*, 888 F.3d at 650. The only other cases Plaintiff cites are irrelevant. *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (permitting discovery regarding *personal*, rather than subject matter, jurisdiction); *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 638 (D.S.C. 1992) (permitting limited discovery to determine whether the plaintiff had standing where it was already determined there was complete diversity of citizenship between the parties), *aff'd*, 6 F.3d 177 (4th Cir. 1993).

to support its contention that there was complete diversity between the parties such that the Court had appropriate subject matter jurisdiction. *SunTrust*, 766 F. Supp. 2d at 688. The Court found that because "the motion to dismiss does not challenge the accuracy of the complaint's allegations" but rather alleged that "the complaint does not contain the necessary factual allegations" thus the plaintiff had "fail[ed] to establish diversity of citizenship," the plaintiff's "motion for expedited jurisdictional discovery [was] inappropriate. . . ." *Id*. at 689. Because the plaintiff's allegations of diversity jurisdiction in its complaint were "admittedly made without any concrete knowledge as to the actual citizenship of the LLC," the Court dismissed the case for lack of subject matter jurisdiction. *Id*. at 688. This Court should do the same.

## II.     THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF.

Because Plaintiff failed to meet its burden to establish that the Court has jurisdiction to hear this case, the Court has no need to consider the merits of the Complaint. Nevertheless, if the Court decides that it can proceed, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff seeks to enforce the provisions of the Lease against Alliance, notwithstanding the fact that Alliance, as Plaintiff concedes, was not a party to the Lease. And Plaintiff seeks to recover all future rent payments, notwithstanding the fact that the Lease does not afford that relief.

*First*, while Plaintiff contends that it is a third-party beneficiary to the Assignment—a claim in tension with other allegations in the Complaint[2]—that does not provide Plaintiff with the right to sue Alliance for allegedly breaching *the Lease*, an entirely separate contract to which Alliance is not a party. And Plaintiff cites no authority that suggests otherwise. Thus, Plaintiff's

---

[2] Explaining that Plaintiff was not a party to the transaction, had no knowledge that it was being executed, and was only "sometime after" that it was provided a copy of the fully executed Assignment. Opp. at 2.

request for a declaratory judgment that Alliance breached the Lease, a contract to which it is not a party, should be rejected.

***Second***, even if Plaintiff could bring a claim against Alliance, a non-party, for breach of the Lease, Plaintiff would be limited to the relief available under the Lease. Damages in the form of all future are available solely the event of the Lease's termination, which Plaintiff expressly acknowledges has not occurred. Compl. ¶ 11 (explaining that the Lease has "never been terminated."). In support of its request for relief, Plaintiff claims that it would be bad "litigation strategy" to "elect any specific remedy at this early juncture," until it is determined that Alliance is bound by the terms of the Lease. Opp. at 7. But Plaintiff's litigation strategy preferences do not dictate the forms of relief currently available to it under the terms of the Lease, and until the Lease is deemed to be terminated, acceleration is not one of them.

## CONCLUSION

For the reasons stated above and in its opening memorandum, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim.

Dated: November 12, 2020.

/s/ Beattie B. Ashmore
Beattie B. Ashmore, #5215
650 E. Washington Street
Greenville, SC 29601
Tel.: (864) 467-1001
Fax: (864) 672-1406
Beattie@BeattieAshmore.com

5

Sarah R. Borders (*pro hac vice* forthcoming)
Kevin J. O'Brien (*pro hac vice* forthcoming)
**KING & SPALDING LLP**
1180 Peachtree St NE
Atlanta, Georgia 30309
Phone: (404) 572-4600
sborders@kslaw.com
kobrien@kslaw.com

*Counsel for Defendant*
*Alliance Pancake Partners, LLC*

## CERTIFICATE OF SERVICE

    I certify that on November 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notice of electronic filing to all counsel of record.

    /s/ Beattie B. Ashmore
Beattie B. Ashmore, #5215
650 E. Washington Street
Greenville, SC 29601
Tel.: (864) 467-1001
Fax: (864) 672-1406
Beattie@BeattieAshmore.com